IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

        Plaintiff,                      No. CIV S-07-1842 FCD EFB P

        vs.

DUEL VOCATIONAL INSTITUTION, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

       Plaintiff is a prisoner proceeding *in forma pauperis* and without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. In the September 6, 2007, complaint, plaintiff names as defendants the "Duel Vocational Institution" and its Psychiatric Department. For the reasons explained below, the court finds that claims against these defendants must be dismissed without leave to amend.

       Section 1983 provides for a cause of action against "any person" acting under color of law to deprive an individual of any "rights, privileges, or immunities secured by the Constitution or laws" of the United States. 42 U.S.C. § 1983. Neither states nor their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Deuel Vocational Institution and its Psychiatric Department are within the Department of Rehabilitation and Corrections, a state agency. *See* Cal. Pen. Code §§ 5002, 5003 (West Supp. 2007). Thus, they

1

are not "persons" for purposes of section 1983 and plaintiff cannot maintain this action against them. Therefore, they must be dismissed. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Accordingly, it is hereby recommended that claims against Deuel Vocational Institution and its Psychiatric Department be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   November 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE