IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

        Plaintiff,                       No. CIV S-07-1842 FCD EFB P

    vs.

DUEL VOCATIONAL
INSTITUTION, et al.,
                                           ORDER
        Defendants.
                              /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently under consideration are plaintiff's July 2, 2008, motion to compel discovery and defendant's response to the court's November 3, 2008, order to show cause. For the reasons explained below, the motion to compel is denied and the order to show cause is discharged.

        Plaintiff's complaint alleges that defendant Zhov was deliberately indifferent to his serious medical needs by denying plaintiff medication for his depression. On April 17, 2008, plaintiff served a set of interrogatories on defendant. Defendant's counsel responded on June 4, 2008, primarily by objecting to plaintiff's questions. Defendant Zhov was on leave from her position at Duel Vocational Institution, and counsel could not contact her to obtain full responses to the interrogatories. Thus, counsel promised to supplement the responses as soon as defendant

1

Zhov returned to work.  Plaintiff filed a motion to compel on July 2, 2008.  Defendant did not respond to the motion and, on November 3, 2008, the court issued an order for defendant to explain her failure to do so.  She submitted her response on November 19, 2008, explaining that she had returned to work in early October 2008, and served supplemental responses to the interrogatories on October 20, 2008.  Plaintiff does not dispute defendant's assertions and does not assert that the supplemental responses are inadequate.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  One means of obtaining discovery is to serve a party with interrogatories.  Fed. R. Civ. P. 33.  A party may move for an order compelling discovery with respect to objections or other failure to respond to interrogatories.  Fed. R. Civ. P. 37(a)(2)(B), 33(b)(5).  Here, plaintiff moves to compel discovery based only on defendant's June 4, 2008, responses.  However, defense counsel explained that those responses would be supplemented, and in fact supplemented them on October 10, 2008.  While counsel should have more properly timely sought and obtained an extension to fully respond to the discovery requests, plaintiff does not assert that the supplemental responses are inadequate.  Therefore, it appears that plaintiff's motion to compel is moot.

Pursuant to the March 5, 2008, schedule, pretrial motions were to be filed no later than August 29, 2008.  Thus, the time for filing pretrial motions passed before the court resolved plaintiff's motion to compel.  Neither party requested that the court modify the schedule pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  Nevertheless, in the interest of managing its docket and possibly eliminating or narrowing issues for trial, the court will extend the time to file dispositive motions.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's July 2, 2008, motion to compel is denied;

2. The November 3, 2008, order to show cause is discharged;

////

1        3. The parties have 30 days from the date this order is served to file dispositive motions.

2    So ordered.

3    Dated:  December 7, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE