IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

          Plaintiff,               No. 2:07-cv-1842 KJM EFB P

      vs.

DR. ZHOU,

          Defendant.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.[1]  This action proceeds on plaintiff's claim that in August of 2007, defendant Zhou was deliberately indifferent to his medical needs in violation of the Eighth Amendment when she failed to provide him with Wellbutrin to treat his depression.  Defendant moves for summary judgment on the grounds that plaintiff lacks sufficient evidence to establish that she was deliberately indifferent, and that she provided care and treatment to plaintiff as she believed was reasonable and appropriate without disregarding any known risk of harm or injury to plaintiff.  The undersigned finds that there is no genuine dispute as to any material fact, and that defendant's motion must be granted.

_____

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

## I.      Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures.  Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own.  When the opposing party would have the burden of proof on a dispositive issue at trial, the moving

2

1   party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National*

2   *Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters

3   which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-

4   24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive

5   issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,

6   depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment

7   should be entered, after adequate time for discovery and upon motion, against a party who fails

8   to make a showing sufficient to establish the existence of an element essential to that party's

9   case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a

10  circumstance, summary judgment must be granted, "so long as whatever is before the district

11  court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

12  satisfied." *Id.* at 323.

13      To defeat summary judgment the opposing party must establish a genuine dispute as to a

14  material issue of fact. This entails two requirements. First, the dispute must be over a fact(s)

15  that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S.

16  at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing

17  law will properly preclude the entry of summary judgment."). Whether a factual dispute is

18  material is determined by the substantive law applicable for the claim in question. *Id.* If the

19  opposing party is unable to produce evidence sufficient to establish a required element of its

20  claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning

21  an essential element of the nonmoving party's case necessarily renders all other facts

22  immaterial." *Celotex*, 477 U.S. at 322.

23      Second, the dispute must be genuine. In determining whether a factual dispute is genuine

24  the court must again focus on which party bears the burden of proof on the factual issue in

25  question. Where the party opposing summary judgment would bear the burden of proof at trial

26  on the factual issue in dispute, that party must produce evidence sufficient to support its factual

1    claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

2    *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Rather, the opposing party must, by affidavit

3    or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

4    for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

5    demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

6    that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*,

7    477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

8           The court does not determine witness credibility.  It believes the opposing party's

9    evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

10   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

11   proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

12   *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,

13   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts

14   at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441

15   (9th Cir. 1995).  On the other hand,"[w]here the record taken as a whole could not lead a rational

16   trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*,

17   475 U.S. at 587 (citation omitted).  In that case, the court must grant summary judgment.

18          Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19   show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

20   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21   'genuine issue for trial.'"  *Id.*  If the evidence presented and any reasonable inferences that might

22   be drawn from it could not support a judgment in favor of the opposing party, there is no genuine

23   issue.  *Celotex.*, 477 U.S. at 323.  Thus, Rule 56 serves to screen cases lacking any genuine

24   dispute over an issue that is determinative of the outcome of the case.

25          On December 27, 2007, the undersigned informed plaintiff of the requirements for

26   opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v.*

4

1   *Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and

2   *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

3   **II.     Deliberate Indifference to Medical Needs in Violation of the Eighth Amendment**

4          A prison official violates the Eighth Amendment's proscription of cruel and unusual

5   punishment where he or she deprives a prisoner of the minimal civilized measure of life's

6   necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834

7   (1994). To prevail, plaintiff must show both that his medical needs were objectively serious, and

8   that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294,

9   297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical

10  need is one that significantly affects an individual's daily activities, an injury or condition a

11  reasonable doctor or patient would find worthy of comment or treatment, or the existence of

12  chronic and substantial pain. *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.

13  1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997)

14  (*en banc*).

15         Deliberate indifference may be shown by the denial, delay or intentional interference

16  with medical treatment or by the way in which medical care is provided. *Hutchinson v. United*

17  *States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official

18  must both be aware of facts from which the inference could be drawn that a substantial risk of

19  serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837

20  (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious

21  harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t

22  is enough that the official acted or failed to act despite his knowledge of a substantial risk of

23  serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to

24  violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314

25  (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some

26  treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However,

5

it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**III.   Discussion**

Plaintiff claims that defendant Zhou was deliberately indifferent to his medical needs by denying him medication to treat his depression. Complaint, Dckt. No. 1. Defendant moves for summary judgment, arguing that there is no evidence that she ever ignored or deliberately disregarded any known risk of harm or injury to plaintiff. Dckt. No. 75. As evidence, she submits her own declaration and copies of plaintiff's medical records. *See id.*

Defendant's evidence establishes that she is a medical doctor employed by the California Department of Corrections and Rehabilitation. Dckt. No. 75, Zhou Decl. ¶ 1. On August 10, 2007, she examined plaintiff, and reviewed his medical and psychiatric history. *Id.* ¶¶ 5-7. Plaintiff demanded that defendant prescribe him Wellbutirn. *Id.* ¶ 7. Defendant did not believe that Wellbutrin was clinically justified for plaintiff, in part, because plaintiff had a history of abusing that drug. *Id.* ¶ 6. After considering various treatments and American Psychiatric Association guidelines, defendant formed a treatment plan for plaintiff. *Id.* ¶¶ 5-7. Defendant offered plaintiff alternative anti-depressants, but plaintiff refused them. *Id.* ¶¶ 6-7. Plaintiff agreed, however, with defendant's decision to treat plaintiff's auditory hallucinations and mood disturbance with several medications, including Geodon. *Id.* ¶ 7. When defendant examined plaintiff a second time, on September 21, 2007, plaintiff complained of having headaches from

1   taking Geodon.  *Id.* ¶ 9.  Defendant altered plaintiff's medications by replacing the Geodon with

2   Abilify for plaintiff's hallucinations and Lamictal for plaintiff's mood swings.  *Id.*  Defendant

3   examined plaintiff a third time on November 14, 2007, after plaintiff had returned to prison

4   following a brief parole.  *Id.* ¶ 10.  At that time, defendant renewed all of plaintiff's current

5   medications and added a tranquilizer, Risperdol, to plaintiff's treatment regimen.  *Id.* ¶ 10.

6        According to defendant, she tried her best to fully evaluate plaintiff's needs and to

7   provide him with appropriate treatment.  *Id.* ¶ 4.  Defendant states that during the course of

8   providing treatment to plaintiff, she chose medications and treatments that she believed were

9   required to fulfill her oath to "do no harm" in light of plaintiff's prior history of abusing

10  prescription medications.  *Id.* ¶ 6.  Defendant's evidence shows that on August 10, 2007, she

11  prescribed plaintiff medications that she believed in her professional medical judgment to be

12  appropriate for his psychiatric conditions.  During her two additional evaluations of plaintiff, she

13  adjusted plaintiff's medications based on her evaluation of his medical needs.

14       In opposition, plaintiff fails to address defendant's evidence.  *See* Dckt. No. 77.  Rather,

15  he simply contends that his Eighth Amendment rights were violated, claiming that he was left to

16  suffer from depression between August 10, 2007 and September 21, 2007.  *Id.*  He does not

17  dispute the fact that on August 10, 2007, he demanded Wellbutrin from defendant and refused to

18  accept any alternative anti-depressants.  He also does not dispute that fact that defendant

19  prescribed him medications to treat his psychiatric conditions, or otherwise produce any

20  evidence to create a genuine dispute as to whether defendant was deliberately indifferent to his

21  medical needs.  There is no evidence that plaintiff was denied medication for his depression.

22  Rather, he was merely denied the medication of his choice.  Plaintiff's disagreement with

23  defendant about his need for a particular medical treatment, here, Wellbutrin, cannot give rise to

24  a section 1983 claim.  *See Franklin*, 662 F. 2d at 1344.  Plaintiff fails to provide any evidence

25  suggesting that the alternative medications offered by defendant were medically unacceptable.

26  ////

1   Accordingly, plaintiff has failed to demonstrate a genuine dispute of material fact and summary

2   judgment in favor of defendant is appropriate.

3        Accordingly, IT IS HEREBY RECOMMENDED that:

4        1.  Defendant's motion for summary judgment (Dckt. No. 75) be granted;

5        2.  The Clerk be directed to enter judgment in defendant's favor; and

6        3.  The Clerk be directed to close this case.

7        These findings and recommendations are submitted to the United States District Judge

8   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9   after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

12  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

13  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14  Dated:  June 26, 2012.

            EDMUND F. BRENNAN
            UNITED STATES MAGISTRATE JUDGE